ISAAC KELLEY

*v.*

ELEAZER KELLEY, Jr. *et al.*

*Opinion filed November 1, 1897.*

</div>

MENTAL CAPACITY—*what facts do not render testator mentally incompetent.*  Proof that a testator and grantor was of advanced age, that his eyesight, sense of hearing and general health were much impaired, and that his mind, sympathizing with his bodily infirmities, was weaker than it had formerly been, will not alone justify setting aside his will and deeds for mental incapacity.

APPEAL from the Circuit Court of Bureau county; the Hon. CHARLES BLANCHARD, Judge, presiding.

GEORGE M. STIPP, and FOWLER BROS., for appellant.

ECKLES & KYLE, and R. M. SKINNER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant filed his bill in chancery to set aside the last will and probate thereof of Eleazer Kelley, deceased, and also two certain deeds conveying certain real estate, on the grounds that at the time when he executed said will and deeds he was mentally incompetent to make them or to transact ordinary business, and that their execution was obtained by the fraud and undue influence of the principal beneficiary, Nancy M. Odell, a daughter of the deceased, and by her husband, Winfield S. Odell. The jury found in favor of the defendants to the bill, thus sustaining the will and the deeds, and a decree was entered accordingly.

There was no sufficient evidence upon which a finding that the execution of the instruments in question was obtained by fraud or undue influence, as alleged, could have been sustained, and the jury were clearly authorized, from the evidence, to find that the said Eleazer Kelley was mentally competent to make the will and deeds when they were made. He was of advanced age, and his sense of hearing as well as that of eyesight, and his general physical health and strength, had become much impaired, and we have no doubt that his mind, sympathizing with his bodily infirmities, was much weaker than it had formerly been, but the preponderance of the evidence was to the affect that he was mentally competent. It is true the evidence was conflicting, as is usual in such cases; but no reason is shown for interfering with the conclusion reached in the circuit court, based upon the weight of the evidence.

It is claimed by appellant that the court erred in not admitting in evidence a certain deed, made about a year and a half before the making of the will, conveying one hundred and sixty acres of land to Mrs. Odell for her life, with remainder to her children, upon consideration, in part, that she should board and care for the grantor during the remainder of his life. This deed was not attacked by the bill, and it is not pointed out how it would have thrown any light on the question of the mental competency of the testator when he made the will. But the principal contention made by counsel in reference to this deed is, that after its exclusion, and in their argument to the jury, opposing counsel were permitted, against their objection, to comment upon its contents. In this we think counsel are mistaken. The comments objected to related to one of the deeds attacked by the bill and given in evidence, and had no reference to the deed dated June 16, 1890.

It is next contended that the court admitted in evidence to the jury the order of the probate court admitting the will to probate, and reference is made to *Craig* v. *Southard*, 148 Ill. 37, as sustaining their contention that the court erred in that respect. We think the record shows that counsel are again mistaken. The will, affidavits and certificate were given in evidence as the statute provides, but the order of the probate court was excluded by counsel from the offer, and the record does not show that it was given in evidence or read to the jury.

Taken as a series, the instructions given were unusually free from error, and we do not find in the criticism made by counsel upon them, or upon the action of the court in refusing certain instructions asked by the complainant, sufficient warrant for disturbing the decree appealed from.

Finding no substantial error the decree of the circuit court will be affirmed.	*Decree affirmed.*